EXHIBIT A

## IN THE CHANCERY COURT FOR GREENE COUNTY, TENNESSEE

| | |
|---|---|
| TERRY BOOKER, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO.: 2013250 ) |
| DELFASCO, LLC and DELFASCO FINANCE, LLC, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

### I. Nature of Case

1. This is a civil action seeking redress due to Defendants', Delfasco, LLC's and Delfasco Finance's, violation of Plaintiff Terry Booker's rights guaranteed under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* Plaintiff seeks to recover lost wages, compensatory and punitive damages, liquidated damages, costs, and attorneys' fees due the Plaintiff as a result of Defendants' unlawful disability discrimination and unlawful retaliation. Plaintiff worked for Delfasco for over 21 years before he was abruptly and unlawfully terminated on March 1, 2012 because of his wife's disability and his association with her, the cost associated with providing health insurance for his wife, and because of his exercise of his rights under the FMLA.

### II. Parties and Jurisdiction

2. Plaintiff Terry Booker (hereinafter "Plaintiff") is a resident of Greene County, Tennessee.

FILED AT 4:15 O'CLOCK P M
NOV 26 2013
Kay Armstrong
CLERK & MASTER

1

3. Defendant Delfasco, LLC, is a foreign corporation organized under the laws of the State of Delaware with its principal place of business located at 1945 Scott Farm Road Afton, Tennessee 37616-5356.

4. Defendant Delfasco, LLC, may be served with process in this matter through Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203-1312, which is Delfasco, LLC's, registered agent in the State of Tennessee.

5. Defendant Delfasco Finance, LLC, is parent and/or related entity to Delfasco, LLC. Upon information and belief, Defendant Delfasco Finance, LLC, maintains its principal place of business located at 5319 16th Avenue, Suite B, Brooklyn, New York 11204-1431.

6. Upon information and belief, Defendant Delfasco Finance, LLC, may be served with process in this matter through Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203-1312.

7. Defendants Delfasco, LLC, and Delfasco Finance, LLC, are referred to herein collectively as "Delfasco" or "Defendant" unless otherwise specified.

8. Delfasco currently operates a facility located at 1945 Scott Farm Road Afton, Tennessee 37616-5356 (hereinafter Delfasco's "Greeneville Facility"). Delfasco's Greeneville Facility is Located in Greene County.

9. Plaintiff was employed by Delfasco at Delfasco's Greeneville Facility between August 1990 and March 2012.

10. At all times from January 2011 to November 2013, Delfasco employed more than 15 employees.

11. In 2011 and 2012, Delfasco employed more than 50 employees at its Greeneville Facility.

12. This Court has jurisdiction over this matter under TENN. CODE ANN. § 4-21-311.

13. Venue is proper in this Court under TENN. CODE ANN. § 20-4-104, because all or a substantial part of the events giving rise to Plaintiff's causes of action occurred in Greene County.

### III. Facts

**A.  Plaintiff's Employment and Association With An Individual With A Disability**

14. Plaintiff was an Employee of Delfasco from 1990 until the termination of his employment on or about March 1, 2012.

15. Plaintiff and his wife participated in health insurance benefits through the coverage offered by Delfasco to its employees and their families.

16. In or about May 2011, Plaintiff's wife was diagnosed with life-threatening cancer — multiple myeloma.

17. Plaintiff's wife's multiple myeloma was and is a physical impairment that substantially limits the operation of her major bodily functions including normal cell growth and the function of her immune and circulatory systems.

18. In 2011 and 2012, Plaintiff's wife's multiple myeloma substantially limited her in several major life activities, including, but not limited to, caring for herself, performing manual tasks, eating, sleeping, walking, standing, lifting, bending, speaking, and working.

19. Plaintiff's wife's multiple myeloma is a "disability" as that term is defined in 28 U.S.C. § 12102 because: (a) Plaintiff's wife's physical impairment substantially limits one or more of her major life activities; (b) Plaintiff's wife has a record of having a disability; and (c) Delfasco regarded Plaintiff's wife as having a disability.

3

20. Plaintiff's wife's multiple myeloma has necessitated, and in the future will require, long-term and costly medical care.

21. Shortly after Plaintiff's wife was diagnosed with multiple myeloma, Plaintiff submitted paperwork requesting intermittent FMLA because of his wife's condition.

22. In or about May 2011, Delfasco, including HR Manager Steve Powell, owner Jack Goldenberg, and Plant Manager Randy Shipley, were well-aware that Plaintiff's wife was suffering from multiple myeloma.

23. In the fall of 2011, Delfasco's HR Manager Steve Powell made comments to Plaintiff about the expense of cancer treatments for Plaintiff's wife. Mr. Powell also made other comments at other times about the challenge of obtaining health insurance and the expense associated with Plaintiff's wife's treatment, and the need for him and Plaintiff to "talk" about the health insurance implications of her care."\

24. In or about October, November and December, 2011, Plaintiff took FMLA leave to care for his wife while she received treatment at Vanderbilt hospital in Nashville.

25. When Plaintiff returned from FMLA leave in December, 2011, Delfasco's managers and Plaintiff's supervisors were less friendly than before.

26. In the fall of 2011, Steve Powell told Plaintiff that they would need to have a talk about Plaintiff's wife's condition and insurance coverage "at the beginning of next year."

27. At or about the end of February, 2012, Delfasco's health insurance plan was set to expire and Delfasco was negotiating for continued employee health insurance benefits.

28. On March 1, 2012, Plaintiff reported to work as usual. At approximately 11:20 a.m., all full time employees were called into a meeting where employee health insurance was addressed.

4

29. During the all-employee meeting on March 1, 2012, Steve Powell said that Delfasco was attempting to obtain a new health insurance policy to replace the one that had expired the previous day, and that it would be 10 days to 2 weeks before anything was known.

30. On the afternoon of March 1, 2012, just a few minutes before Plaintiff's shift was scheduled to end, Plaintiff was called to the Production Office. HR Manager Steve Powell and Plant Manager Randy Shipley were present.

31. When Plaintiff entered the office, Steve Powell said "we're going to have to let you go."

32. When Plaintiff asked why he was being discharged, Mr. Powell said "poor performance."

33. Plaintiff had worked for Delfasco for nearly 22 years, and nothing had been said to him regarding his job performance for several years.

34. Plaintiff suggested to Mr. Powell and Mr. Shipley that perhaps the true reason Delfasco was terminating his employment was the health insurance expense associated with his wife's cancer treatments.

35. Upon information and belief, Delfasco's owner, Jack Goldenberg, ordered the termination of Plaintiff's employment with Delfasco.

36. Delfasco's motivation for the termination of Plaintiff's employment was Plaintiff's leave under the FMLA and the expense of providing healthcare coverage for Plaintiff's wife due to her condition.

37. Upon information and belief, on March 2, 2012, the day following Plaintiff's termination, details of Delfasco's new insurance program were announced to employees.

5

38.  Delfasco terminated Plaintiff's employment in retaliation for his FMLA leave and to avoid the expense of providing insurance to cover Plaintiff's wife's condition.

**B.   Exhaustion of Administrative Remedies For ADA Claim**

39.  On or about July 13, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging a violation of the ADA.

40.  Plaintiff's charge of discrimination was filed within 300 days of the termination of his employment.

41.  The EEOC closed its processing of the case and issued Plaintiff a Notice of Right to Sue with on August 28, 2013. (*See* Notice of Right to Sue attached as Exhibit A). Plaintiff received the Notice of Right to Sue on or about August 29, 2013.

42.  Plaintiff has 90 days from the receipt of the Notice of Rights to file suit on the allegations that were the subject of the EEOC charge of Discrimination. (*See* Exhibit A.)

43.  Plaintiff's Complaint, which includes the ADA claim that was the subject of Plaintiff's EEOC charge of discrimination, is filed within 90 days of his receipt of the Notice of Rights.

44.  Therefore, Plaintiff's ADA claim is timely.

### IV. Causes of Action

**Count I – Discriminatory Discharge Because of Plaintiff's Association With An Individual With A Disability**

45.  The allegations in Paragraphs 1-44 are incorporated herein by reference.

46.  The ADA prohibits an employer from discharging an employee based on the employee's association with an individual with a disability, including because of the cost of providing insurance coverage to the individual with a disability. 42 U.S.C. § 12112(b)(4).

6

47. Plaintiff's wife's cancer (multiple myeloma) is a "disability" as that term is defined in 28 U.S.C. § 12102. Plaintiff's wife's condition is a physical impairment that substantially limits one or more of her major life activities. Additionally or alternatively, Plaintiff's wife is "disabled" because she has a record of having a disability and because Delfasco regarded Plaintiff's wife as having a disability.

48. Up to March 1, 2012, Plaintiff was qualified for his job and was performing his duties adequately. Delfasco never notified Plaintiff that his job was in jeopardy.

49. On or about March 1, 2012, Delfasco terminated Plaintiff's employment with Delfasco.

50. The expense for Delfasco to provide health insurance coverage for Plaintiff's wife's disability was a substantial motivating factor in Delfasco's decision to terminate Plaintiff's employment with Delfasco.

51. Delfasco's termination of Plaintiff's employment with Delfasco because of the expense of providing health insurance coverage for Plaintiff's wife violated the ADA, 42 U.S.C. § 12101, *et seq.*

52. As a result of Delfasco's unlawful and discriminatory termination of Plaintiff's employment, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, and other damages for which Delfasco is liable.

### Count II – Retaliatory Discharge Because of Plaintiff's Exercise of FMLA Rights

53. The allegations in Paragraphs 1-52 are incorporated herein by reference.

54. After Plaintiff returned from FMLA leave at the end of 2012, Delfasco retaliated against him for exercising his rights under the FMLA by terminating his employment.

7

55. Delfasco's retaliatory discharge violates the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615.

56. As a result of Delfasco's unlawful and retaliatory actions, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, lost wages, emotional distress, and other damages for which Delfasco is liable.

57. Delfasco is liable to Plaintiff for liquidated and other damages as a result of Delfasco's violation of the FMLA.

## V. Prayer for Relief

58. The allegations in Paragraphs 1-57 are incorporated herein by reference.

59. As a result of Delfasco's unlawful conduct, Plaintiff has suffered damages.

60. Plaintiff seeks to recover all damages permitted by law, including but not limited to loss of earnings (front pay and back pay), loss of benefits, out of pocket expenses, mental and emotional distress, embarrassment, humiliation, damage to reputation, inconvenience, actual damages, compensatory damages, attorneys' fees, costs and expenses, and all other damages permitted by law.

61. Plaintiff further alleges that Delfasco's conduct was done intentionally and/or with malice and/or reckless indifference to his rights protected by law, and justifies an award of punitive damages.

62. Plaintiff requests that this Court grant the following relief:

   a. That a jury be empanelled to consider the issues.

   b. That the Court enter judgment for the Plaintiff and against the Defendant.

8

    c.    That the Court award compensatory damages, including but not limited to, back pay, front pay, benefits, and emotional distress, to Plaintiff in an amount not to exceed $750,000.

    d.    That the Court award punitive damages to Plaintiff and against Defendant in an amount that is just and not to exceed $750,000.

    e.    That the Court award Plaintiff liquidated and other damages as permitted by the FMLA, 29 U.S.C. § 2617.

    f.    That the Court award Plaintiff his reasonable attorneys' fees, expenses, and costs in bringing this action to enforce his statutory rights.

    g.    That the Court award Plaintiff such further relief as this court deems just, proper, and equitable.

Respectfully Submitted,

**TERRY BOOKER**

By: *[signature]*
Stephen M. Darden (BPR #01146)
Joseph B. Harvey (BPR #028891)
**HUNTER, SMITH & DAVIS, LLP**
1212 N. Eastman Road
Kingsport, TN 37664
Ph: 423-378-8800
Fx: 423-378-8801
Email: sdarden@hsdlaw.com
Email: jharvey@hsdlaw.com

*Attorneys for Plaintiff*

## COST BOND

We hereby acknowledge ourselves as surety for all costs in this cause, pursuant to *T.C.A.* § 20-12-120.

**HUNTER, SMITH & DAVIS, LLP**

By: _____
        Michael L. Forrester



10